# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Pedro D.C.,

      Petitioner,

v.

Todd Blanche, et al.,

      Respondents.

No. 26-cv-2450 (KMM/DLM)

**ORDER**

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Douglas L. Micko recommending that Petitioner Pedro D.C.'s Petition for a Writ of Habeas Corpus be granted. (Dkt. 8.) For the reasons discussed below, the Court grants the habeas petition and orders Pedro D.C.'s immediate release.

## BACKGROUND

Pedro D.C. is a citizen of Mexico who entered the United States in 2017. (Dkt. 1 ¶ 2.) In 2025, he applied for asylum, and his application remains pending. (*Id.*; Dkt. 5 at 2.) Pedro D.C. has no criminal history. (Dkt. 1 ¶ 114.)

On April 16, 2026, the day of Petitioner's arrest, immigration agents were "conducting surveillance" after receiving information from the Fargo Police Department about a person who provided a foreign identification document during a previous encounter. (Dkt. 6-3 at 2.) When the agents saw someone matching the description, they conducted a vehicle stop and confirmed that the individual was Pedro D.C. (*Id.*) During the stop, Petitioner provided his Minnesota driver's license and "stated that he did not have

1

any legal documents to be in the United States." (*Id.*) Pedro D.C. was served with an I-200 Warrant for Arrest of Alien, which was dated the day of his arrest. (*Id.*) After he was taken into custody and transported to Grand Forks, North Dakota for processing, Petitioner was served with a Form I-862 Notice to Appear (NTA). (Dkt. 5 at 3; Dkt. 6-2 (NTA).) Since April 30, 2026, Petitioner has been detained in Minnesota. (Dkt. 5 at 3.)

On May 1, 2026, Pedro D.C. filed a habeas petition, arguing that he should be released or, alternatively, afforded a bond hearing. (Dkt. 1.) On May 30, 2026, Judge Micko issued the R&R that is currently before the Court recommending that Pedro D.C.'s habeas petition be granted and that he be ordered released. (Dkt. 8.) Respondents objected to the R&R, and Petitioner filed a Response. (Dkts. 9–10.)

## DISCUSSION

Because Respondents objected to the R&R, this Court reviews the matter de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

There are "two mechanisms by which 'it is appropriate to arrest an alien during the removal process.'" *Cesar F.F. v. Blanche*, No. 26-cv-2540 (PJS/DTS), Dkt. 8 at 3 (D. Minn. June 2, 2026) [hereinafter *Cesar F.F.* Order] (quoting *Arizona v. United States*, 567 U.S. 387, 407 (2012)). First, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Alternatively, the law allows for a warrantless arrest in limited circumstances. *See* 8 U.S.C. § 1357(a)(2).

2

## I.      Arrest Pursuant to Form I-200 Administrative Warrant

A noncitizen "may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 236.1(b)(1); *see* 8 U.S.C. § 1226(a). A Form I-200 warrant "empowers [immigration agents] to arrest aliens *during* removal proceedings," *Cesar F.F.* Order at 4. Therefore, an I-200 warrant is valid only if it is issued "[a]t the time of issuance of the notice to appear, or at any time thereafter[.]" 8 C.F.R. § 236.1(b)(1); *Martha C.G.P. v. Blanche*, No. 26-cv-2308 (DWF/JFD), 2026 WL 1329577, at *3 (D. Minn. May 13, 2026) ("Respondents may arrest a noncitizen using a Form I-200 only if the Form I-200 issues at the same time or after the Department of Homeland Security issues an NTA."); *see also Gonzalez Ochoa v. McCleary*, 816 F. Supp. 3d 921, 927 (S.D. Iowa 2026) ("The temporal aspects of [8 C.F.R.§ 236.1(b)(1)] are clear: an arrest warrant may be issued '[a]t the time of issuance" of the Notice to Appear or 'thereafter.' Not 'before.'"). The NTA is a "case-initiating document" that serves as the written notice of removal proceedings required under 8 U.S.C. § 1229(a)(1). *Niz-Chavez v. Garland*, 593 U.S. 155, 164 (2021).

Here, there is no evidence that the NTA came before the I-200 warrant. (Dkt. 5 at 3.) Respondents argue it is possible that the issuance of the NTA preceded service of the I-200 warrant, even if the NTA was not served until afterwards. (Dkt. 9 at 6.) While possible, Respondents noticeably do not claim that is true here, let alone provide evidence to support that claim. Absent any basis to conclude that Respondents issued the NTA prior to Pedro D.C.'s arrest, the Court declines to make that assumption. Therefore, the Court

concludes that Petitioner was not arrested pursuant to a valid I-200 warrant under 8 U.S.C. § 1226(a).

**II.      Warrantless Arrest Under 8 U.S.C. § 1357(a)(2)**

A warrantless arrest of a noncitizen is permissible only if there is "reason to believe that the alien so arrested is in the United States in violation of any [immigration] law or regulation and is likely to escape before a warrant can be obtained for his arrest[.]" 8 U.S.C. § 1357(a)(2). In this context, "the term 'reason to believe' . . . means constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

Nothing in the record suggests that the arresting officers had any reason to believe Pedro D.C. was likely to escape before they could obtain a warrant. "The mere fact that [a noncitizen] may be removable is insufficient." *Cesar F.F.* Order at 6; *see also Moreno v. Napolitano*, 213 F. Supp. 3d 999, 1007 (N.D. Ill. 2016) ("Nor can it be the case that, simply by being potentially removable, an alien must be deemed to be likely to evade detention by ICE. Such a reading would render the limitations on warrantless arrest created by 8 U.S.C. §§ 1226(a) and 1357(a)(2) meaningless."). The Court concludes that there was no basis for a warrantless arrest here.

Because Petitioner has met his burden of showing that his arrest was unlawful by a preponderance of the evidence, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1143 (D. Minn. 2025), he must be released, *Carlos L.V.B. v. Bondi*, No. 26-cv-898 (JWB/DJF), 2026 WL 1231286, at *3 (D. Minn. Mar. 20, 2026) ("[F]or detention that lacks a lawful predicate, release is an appropriate remedy." (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008))).

## ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED THAT**:

1. The Magistrate Judge's Report and Recommendation (Dkt. 9) is **ADOPTED in part**;

2. Petitioner Pedro D.C.'s Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED in part**;

3. **Within 48 hours of the entry of this Order**, Respondents must release Petitioner with all of his personal property and file a notice on the docket confirming that Petitioner has been timely released; and

4. The remainder of Pedro D.C.'s habeas petition is **DENIED without prejudice**.

**Let judgment be entered accordingly.**


Date: June 18, 2026                    _s/Katherine M. Menendez_
                                       Katherine M. Menendez
                                       United States District Judge

5